**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Griisser; Julie Ann Griisser, | No. 12-CV-1459-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Shapiro, Van Ess & Shermann, LLP; Green Tree Servicing LLC, | |
| Defendants. | |

Pending before the Court are three motions filed by Plaintiffs: 1) a motion for a temporary restraining order (Doc. 1); 2) a motion for leave to proceed in forma pauperis (Doc. 2); and 3) a motion requesting that the U.S. Marshall's Service serve Plaintiffs temporary restraining order (Doc. 3). For the reasons discussed below, Plaintiffs' motion for leave to proceed in forma pauperis is granted, Plaintiffs' motion for TRO is denied, and their Complaint is dismissed without prejudice. Plaintiffs' motion requesting service is denied as moot.

## BACKGROUND

Plaintiffs Fred Griisser and Julie Ann Griisser filed their Complaint in this action on July 7, 2012. (Doc. 1). They have not served the Complaint or otherwise provided notice to Defendants of their suit. (*See* Docs. 1, 3). In their Complaint, Plaintiffs "ask the court for relief with the issuance of a Temporary Restraining Order" to stop Defendants Shapiro, Van

1  Ess & Sherman, LLP and Green Tree Servicing, LLC from foreclosing on Plaintiffs' real
2  property (the "Property"). This Complaint consists of fourteen short sentences which make
3  the following conclusory allegations.
4        In November 2011, Plaintiffs were allegedly given "Bankruptcy protection" on their
5  Property. (Doc. 1 at 2). This protection provided that Plaintiffs could "'sign over' the
6  property without foreclosure." (*Id.*). Defendants, however, are alleged to have ignored this
7  "Bankruptcy protection" and the Property is scheduled for a foreclosure auction on July 9,
8  2012. Plaintiffs contend that Defendants have tried to "collect the full amount of the
9  discharged mortgage thru deception, duress, strong-arming and other practices not allowed
10 by law." (Doc. 1 at 2). Plaintiffs further contend that Defendants "have not carried out their
11 statutory requirements under the Federal Home Affordable Modification Program." (*Id.*).

## DISCUSSION

13 Federal Rule of Civil Procedure 65(b) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiffs have failed to file an affidavit or otherwise set forth facts in their complaint which clearly show that immediate and irreparable injury will result to Plaintiffs before Defendants can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). Defendants have not, for instance, produced the alleged Bankruptcy "order" permitting them to avoid foreclosure by signing over the Property to Defendants. (*See* Doc. 1 at 2). Plaintiffs have also failed to produce evidence that they would suffer harm via foreclosure that they would not already suffer by "signing over" their property to Defendants. The Court will therefore deny Plaintiffs' motion for a temporary restraining order.

Moreover, in their Complaint, Plaintiffs have failed to state any claims for which they

- 2 -

1 can be granted relief. Congress has provided with respect to in forma pauperis cases that a
2 district court "shall dismiss the case at any time if the court determines" that the "allegation
3 of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state
4 a claim on which relief may be granted," or "seeks monetary relief against a defendant who
5 is immune from such relief."  28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how
6 prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma
7 pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127
8 (9th Cir. 2000).  "It is also clear that section 1915(e) not only permits but requires a district
9 court to dismiss an in forma pauperis complaint that fails to state a claim" or that is frivolous
10 or malicious. *Id.*

11 Plaintiffs contend that Defendants have engaged in "deception, duress, strong-arming
12 and other practices not allowed by law," but Plaintiffs have not identified any legal authority
13 on the basis of which it is challenging such "practices." (Doc. 1 at 2). Although Plaintiffs
14 contend that Defendants "have not carried out their statutory requirements under the Federal
15 Home Affordable Modification Program," Plaintiffs have not identified any specific statutory
16 provisions connected with the FHAMP which have been violated by Defendants. (*Id.*). Nor
17 have Plaintiffs alleged particular facts which might make such a violation plausible. *See*
18 *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the
19 plaintiff pleads factual content that allows the court to draw the reasonable inference that the
20 defendant is liable for the misconduct alleged."). The Court will therefore dismiss Plaintiffs'
21 Complaint but do so without prejudice should Plaintiffs wish to amend.

22
23 **IT IS THEREFORE ORDERED** that Plaintiffs' motion for leave to proceed in forma pauperis (Doc. 2) is **GRANTED.**

24
25 **IT IS FURTHER ORDERED** that Plaintiffs' motion for a temporary restraining order (Doc. 1) is **DENIED.**

26
27 **IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiffs' Complaint (Doc. 1) is **DISMISSED.** Should Plaintiffs desire to file a motion for leave to file
28

an amended complaint, they shall do so no later than 30 days from the date of this Order. The proposed amended complaint shall be attached to the motion for leave to amend and comply with Federal Rules of Civil Procedure 15 and Local Rules of Civil Procedure 15.1. The Court will not permit the filing of any proposed amended complaint that does not comply with the requirements of this Order. If Plaintiffs do not file a motion requesting leave to file an amended complaint by **August 8, 2012**, the Clerk of the Court is directed to **terminate** this action.

**IT IS FURTHER ORDERED** that Plaintiffs' motion requesting that the U.S. Marshall's Service serve Plaintiffs' temporary restraining order (Doc. 3) is **denied as moot.**

Dated this 9th day of July, 2012

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge